UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK BALFOUR, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>– against –<br><br>ROCKAWAY BAKERY LLC d/b/a ROCKAWAY BAKERY, and MARVA BENNETT, individually,<br><br>Defendants. | **<u>COMPLAINT</u>**<br><br>**Docket No.: 1:26-cv-6871**<br><br>Jury Trial Demanded |

PATRICK BALFOUR ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ROCKAWAY BAKERY LLC, which does business as Rockaway Bakery ("Rockaway Bakery"), and MARVA BENNETT, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## <u>NATURE OF THE CASE</u>

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten

in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York limited liability company that operates a bakery in Queens, New York, and its owner and day-to-day overseer - - from in or around September 2020, until May 13, 2026, as a non-managerial cook. As described below, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week. Yet in exchange, Defendants paid Plaintiff a flat weekly salary that operated by law to cover only his forty hours of work in a week, and which from December 31, 2023, until the end of his employment, fell below the minimum wage rate that New York law requires per hour of work. Thus, Defendants did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate for the hours that he worked over forty in a week, in violation of the FLSA's and the NYLL's overtime provisions, or at least at the New York minimum wage rate per hour worked, in violation of the NYLL's minimum wage provisions.

3. Additionally, on days when Plaintiff's shift exceeded ten hours from start to finish, which occurred almost every day that he worked, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4. Defendants further violated the NYLL by failing to furnish Plaintiff with any wage notice at his time of hire or with any wage statement on each payday, let alone an accurate notice or statements.

5. Defendants paid and treated all of their non-managerial employees in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed substantially all of his work for Defendants in this District.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Rockaway Bakery was and is a New York limited liability company with its principal place of business located at 1930 Mott Avenue, Far Rockaway, New York 11691. It is also registered to receive service of process at that address.

11. At all relevant times herein, Defendant Bennett was and is the owner of Defendant Rockaway Bakery who was ultimately responsible for overseeing all of its day-to-day operations, including supervising all of its employees and distributing work duties, determining employees' rates and methods of pay and hours worked, paying employees, hiring and firing of employees, and maintaining employment records, including all of those matters with respect to Plaintiff and FLSA Plaintiffs.

12. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, the qualifying annual business of Defendant Rockaway Bakery exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, buy and sell food made with ingredients and other products obtained from vendors in states other than New York, and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. At all relevant times herein, Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff made complained to Defendant Bennett on a weekly basis that Defendants were not paying him overtime pay in accordance with the law, to which Bennett responded by either ignoring him, or towards the end of Plaintiff's employment, telling Plaintiff that he was "lucky to be here." Thus, Defendants were aware of their failure to pay overtime wages, but chose not to pay Plaintiff and FLSA Plaintiffs overtime compensation for all hours worked over forty in a week.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. At all relevant times herein, Defendant Rockaway Bakery was and is a New york limited liability company that operates a bakery in Forrest Hills, New York.

18. At all relevant times herein, Defendant Bennett was and is the owner of Rockaway Bakery, who in that role was and remains responsible for all personnel-related matters of the business day-to-day basis as detailed above. To that end, Defendant Bennett hired and fired Plaintiff, set Plaintiff's hours and rate of pay, assigned Plaintiff his day-to-day duties, paid Plaintiff, and maintained or should have maintained Plaintiff's employment records.

19. Plaintiff worked for Defendants from in or around September 2020 until May 13, 2026, as a non-managerial cook. In that role, Plaintiff's primary job duties involved preparing, baking and/or cooking the food and cleaning the kitchen.

20. Throughout Plaintiff's employment, Defendants scheduled Plaintiff to work, and Plaintiff did work, six days per week, Monday through Saturday, with hours that varied, but that would almost always be twelve-hour shifts, ranging from either 2:00 a.m., 3:00 a.m., or 4:00 a.m. to 2:00 p.m., 3:00 p.m., or 4:00 p.m., without a scheduled or uninterrupted break during his shift, for a total of seventy-two hours per week.

21. In exchange, Defendants paid Plaintiff a flat weekly salary of $1,087.00, which operated by law to cover only the first forty hours that he worked in a week. Defendants, therefore, did not pay Plaintiff at any rate for any hours that he worked in a week over forty.

22. Moreover, Plaintiff's effective regular rate per hour of work computed to $15.10, which was less than New York's minimum wage beginning in 2024.

23. By way of example only, for the week of June 16 to June 22, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during any of his shifts:

Sunday, June 16, 2024: off;

Monday, June 17, 2024: 2:00 a.m. to 2:00 p.m.;

Tuesday, June 18, 2024: 2:00 a.m. to 2:00 p.m.;

Wednesday, June 19, 2024: 2:00 a.m. to 2:00 p.m.;

Thursday, June 20, 2024: 2:00 a.m. to 2:00 p.m.;

Friday, June 21, 2024: 2:00 a.m. to 2:00 p.m.; and

Saturday, June 22, 2024: 2:00 a.m. to 2:00 p.m.

Accordingly, Plaintiff worked a total of seventy-two hours during this week. In exchange, Defendants paid Plaintiff $1,087.00, which covered only Plaintiff's first forty hours of work, meaning that Defendants did not pay Plaintiff at any rate for the thirty-two hours that he worked over forty during this week. Defendants further paid Plaintiff at the effective hourly rate of $15.10, which fell below New York's minimum wage rate of $16.00 per hour at the time.

24. By way of another example, for the week of April 12 through April 18, 2026, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during any of his shifts:

Sunday, April 12, 2026: off;

Monday, April 13, 2026: 4:00 a.m. until 4:00 p.m.;

Tuesday, April 14, 2026: 4:00 a.m. until 4:00 p.m.;

Wednesday, April 15, 2026: 4:00 a.m. until 4:00 p.m.;

Thursday, April 16, 2026: 4:00 a.m. until 4:00 p.m.;

Friday, April 17, 2026: 4:00 a.m. until 4:00 p.m.; and

Saturday, April 18, 2026: 4:00 a.m. until 4:00 p.m.

Accordingly, Plaintiff worked a total of seventy-two hours during this week. In exchange, Defendants paid Plaintiff $1,087.00, which covered only Plaintiff's first forty hours of work, meaning that Defendants did not pay Plaintiff at any rate for the thirty-two hours that he worked over forty during this week. Defendants paid Plaintiff at the effective hourly rate of $15.10, which fell below New York's minimum wage rate of $17.00 per hour at the time.

25. At no time during his employment, including for the days in the two example weeks detailed above, did Defendants pay Plaintiff an additional one hour of pay at the minimum wage rate for those days when his shift exceeded ten hours from beginning to end.

26. Defendants did not provide Plaintiff with any wage notice at his time of hire, let alone a notice that accurately contained, *inter alia*: his regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

27. Defendants paid Plaintiff on a weekly basis, in cash, throughout his employment.

28. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his hours worked and his regular and overtime rate of pay or wages owed. This failure deprived Plaintiff of

the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

29. Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

30. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

31. Each hour that Plaintiff and FLSA Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime Under the FLSA*

32. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

34. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

36. Defendants willfully violated the FLSA.

37. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

39. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a work week.

41. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

42. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

43. Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

44. Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Minimum Wages Under the NYLL and the NYCRR*

45. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

47. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

48. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action, at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

49. At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

50. Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

51. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

53. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

54. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

55. Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

56. Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

57. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

59. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

60. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action, with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

61. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

62. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

65. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires.

66. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

67. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

f. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
October 26, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

MICHAEL J. BORRELLI (MB 8533)
ALEXANDER T. COLEMAN (AC 8151)
DANIELLE FILACOURIS (DF 5566328)